IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK MATTHEW SCHULTZ, et al.,

      Plaintiffs,                    No. CIV S-11-1796 MCE GGH PS

   vs.

PETER W. KRAUSE, et al.,

      Defendants.            <u>ORDER</u>

_____/

      Plaintiff Schultz[1] is proceeding in this action pro se and have paid the filing fee. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has filed a motion requesting permission to utilize electronic filing, to "amend listed defendants, and "to preserve plaintiff for review of evidence during trial."

      Plaintiff is informed that the local rules of this court provide that "[a]ny person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." E. D. Cal. L. R. 133(b)(2). Requests to use electronic filing may be submitted as written motions setting out an explanation of reasons for the requested exception. E. D. Cal. L. R. 133(b)(3) ("Requests to use paper or electronic filing as exceptions from these

---

[1] It appears that the remaining plaintiffs are simply alter egos of the named individual.

1

1 Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had,
2 as written motions setting out an explanation of reasons for the exception. Points and authorities
3 are not required, and no argument or hearing will normally be held. . . .")

4       The undersigned will permit plaintiff to utilize the electronic filing of this court
5 ("ecf"). Plaintiff shall take the necessary steps to be added as an ecf filer. However, plaintiff is
6 cautioned that access to ecf filing will be terminated if he makes unnecessary voluminous filings,
7 or otherwise abuses his access to ecf filing. *The initial complaint (or amended complaint) served*
8 *upon defendants must be served in accordance with Fed.R.Civ.P 4; the initial complaint will not*
9 *be electronically served.*

10       Plaintiff also requests amendment to add defendants. Plaintiff is informed that he
11 may amend once as a matter of course within twenty-one days after serving the complaint, or
12 within twenty-one days after a responsive pleading or motion has been served. Fed. R. Civ. P.
13 15(a). As plaintiff has paid the filing fee, the screening restrictions of 28 U.S.C. § 1915(e) do not
14 apply. However, plaintiff is cautioned that frivolous addition of defendants may result in
15 Fed.R.Civ.P sanctions.

16       Plaintiff is informed that the court cannot refer to a prior pleading in order to
17 make plaintiffs' amended complaint complete. Local Rule 220 requires that an amended
18 complaint be complete in itself without reference to any prior pleading. This is because, as a
19 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
20 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
21 longer serves any function in the case. Therefore, in an amended complaint, as in an original
22 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

23       Plaintiff's request for the court to order preservation of evidence for review during
24 trial is premature at this stage of the proceedings.

25       Accordingly, IT IS ORDERED that:
26 ////

1. Plaintiff's' motion, filed July 21, 2011, (dkt. # 6), is denied in part and granted in part.

2. Plaintiff's request to file their papers electronically is granted.

3. Plaintiff may file an amended complaint in accordance with Rule 15(a)(1).

4. Plaintiffs' request to preserve evidence for review during trial is denied as premature.

DATED: August 3, 2011

        /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076
Schultz1796.ecf.wpd