1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KIRK MATTHEW SCHULTZ et al.,

11          Plaintiffs,                    CIV. NO. S-11-1796 MCE GGH PS

12      vs.

13   PETER W. KRAUSE et al.,

14          Defendants.                    FINDINGS AND RECOMMENDATIONS
     _____/

15

16          This proceeding was referred to the undersigned pursuant to E.D. Cal. L.R.

17   302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the court is defendant Nationwide Mutual

18   Insurance Company's ("Nationwide") motion to dismiss and motion for a more definite

19   statement.  (Dkt. No. 16.)  Plaintiffs[1] failed to file an opposition to the motions.  On December 8,

20   2011, the motions were submitted without oral argument.  (Dkt. No. 28.)  Having reviewed the

21   papers in support of the motions and the court's record in this matter, the court now FINDS AS

22   FOLLOWS:

23   \\\\

24   \\\\

25   _____

26      [1] The primary plaintiff is Kirk Matthew Schultz.  The remaining plaintiffs appear to be
     business entities owned by plaintiff Schultz.

BACKGROUND

On July 8, 2011, plaintiffs filed a complaint against Nationwide and 15 other defendants, asserting the following 15 claims: (1) invasion of privacy/intrusion by violation of the Computer Fraud and Abuse Act; (2) violation of California Business and Professions Code section 17200; (3) violation of California Code of Civil Procedure section 527.6/retaliation due to being a victim of sexual harassment under California Penal Code section 243.4 and Government Code section 12940; (4) violation of California Business and Professions Code Division 3 commencing section 5000 via, but not limited to, California Penal Code sections 637.7 and 646.9; (5) tiger kidnapping for intent of extortion and blackmail; (6) civil conspiracy with intent to menace and harm/intentional infliction of emotional distress; (7) civil conspiracy with intent of California Code of Civil Procedure sections 44-46: libel and slander/intentional interference with prospective economic advantage; (8) payola by civil conspiracy with intent to malice and induce emotional distress under California Penal Code sections 188 and 7, and California Code of Civil Procedure section 47(A); (9) theft in violation of California Penal Code section 484 to aid civil conspiracy with intent of extortion; (10) mail fraud to aid and abet civil conspiracy with intent of distress and extortion; (11) bank fraud (title 18 - part 1 - chapter 63 - section 134 to aid and abet civil conspiracy with intent of distress and tiger kidnapping; (12) violation of California Penal Code sections 206, 240, 245(a)(1); (13) violation of New York Penal Code sections 240.30 and 120.45; (14) violation of medical fraud under the Health Insurance Portability and Accountability Act ("HIPAA") and California Civil Code section 56/false statements relating to health care matters pursuant to 18 U.S.C. section 1035; and (15) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  (Dkt. No. 1.)

On October 21, 2011, Nationwide filed the instant motions.  (Dkt. No. 16.) Nationwide first requests that the court dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and the substantiality doctrine on the grounds that plaintiffs' claims are not sufficient to invoke this court's subject matter jurisdiction.  (Id.)  Nationwide also requests dismissal pursuant to Fed.

1   R. Civ. P. 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can

2   be granted.  (Id.)  Additionally, Nationwide requests dismissal for improper venue pursuant to

3   Fed. R. Civ. P. 12(b)(3) or a transfer of venue pursuant to 28 U.S.C. § 1404(a).  (Id.)  In the

4   alternative, Nationwide moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

5   (Id.)

6          Since Nationwide filed its motions, plaintiffs voluntarily dismissed all defendants,

7   except for defendants Nationwide, David Letterman, Allied (PCRO) Wells Fargo & Company,

8   and Wells Fargo and Company.  (Dkt. No. 24.)

9   DISCUSSION

10          A federal court is a court of limited jurisdiction, and may adjudicate only those

11  cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co,

12  511 U.S. 375, 377 (1994).  Lack of subject matter jurisdiction may be raised at any time by either

13  party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593,

14  594-95 (9th Cir. 1996).

15          "The presumption is that a federal court lacks jurisdiction in a particular case until

16  it has been demonstrated that jurisdiction over the subject matter exists."  13 Charles A. Wright,

17  Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3522 at 62 (1984).

18  Plaintiff bears the burden of proof for establishing jurisdiction.  See, e.g., Sopcak v. Northern

19  Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel.

20  & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979)  Unless a complaint presents a plausible

21  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.

22  Hood, 327 U.S. 678, 682 (1945).  A federal claim which is so insubstantial as to be patently

23  without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S.

24  528, 536-38 (1974); Apple v. Glenn, 183 F.3d 477, 479 (6th Cir.1999) ("a district court may, at

25  any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule

26  12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally

3

1  implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to

2  discussion.")

3          A less stringent examination is afforded pro se pleadings, <u>Haines v. Kerner</u>, 404

4  U.S. 519, 520 (1972), but simple reference to federal law does not create subject matter

5  jurisdiction.  <u>Avitts v. Amoco Prod. Co.</u>, 53 F.3d 690, 694 (5th Cir. 1995).  Subject matter

6  jurisdiction is created only by pleading a cause of action that is within the court's original

7  jurisdiction.  <u>Id</u>.

8          Here, plaintiffs' mostly incomprehensible 72-page complaint presents no plausible

9  basis for federal subject matter jurisdiction.  The complaint opens with the following allegations

10 common to all causes of action:

> "This case arises out of the shocking climax to a coldly efficient
> criminal campaign that had confounded, frustrated, and ultimately
> terrorized the Plaintiff to an early predicted death without proper
> and able restitutions.  We are asked to determine the civil liability
> of the active & passive co-conspirators and compliant partners to
> this rampage that left the Plaintiff ravaged due to the corporate
> greed and individuals whom [sic] ran those corporations and those
> individuals whom [sic] engaged in torture, harassment and
> bullying.  As a result of Nationwide et al's numerous and repetitive
> torture(s) over the course of six years, Plaintiff is in dire need of
> quick and complete restitution(s).  Note: some of the
> witnesses/events will not be notified in proceedings at this time
> due to the defendants are still scanning my computer and the
> defendants wherewithal to bribe witnesses and their corrupt Special
> Investigative Units."

19 (Dkt. No. 1 at 6.)  It then continues to make various conspiracy-type claims against Nationwide

20 and the other defendants, including allegations of unlawful surveillance, spying, and wiretapping.

21 (<u>See</u> <u>e.g.</u> <u>id</u>. ¶¶ 1-2, 6.)  Plaintiff Schultz claims that a neighbor at his apartment complex was

22 paid to put pot smoke in his apartment via the air ducts and that a video camera was placed above

23 his apartment dumpsters to ensure that all his waste products were collected.  (<u>Id</u>. ¶ 114.)  He also

24 contends that GPS tracking equipment was placed in his private truck while at Cal Expo RV in

25 May, 2007 and that audio recording devices were placed under his seat during a seat repair in

26 September, 2009.  (<u>Id</u>. ¶ 44.)  He further alleges that various individuals, including his roommate

1 and divorce care group chairperson, were paid to spy on him.  (Id. ¶¶ 74, 89-90, 92.)

2         In support of his claims of racial discrimination and sexual harassment by

3 defendants, plaintiff Schultz states that a "gang of co-conspirators led a torture group singling

4 myself (due to being a white, male) out and due to events 3 groups were create [sic] (African,

5 Hispanic and Asian American affinity groups)."  (Id. ¶ 59.)

6         According to plaintiff Schultz, events in his life were also mocked in various

7 television shows and commercials through the use of code, for example:

8     "'The Worlds Greatest Spokesperson - TWGS' - Commercials
including but not limited to the 'safe driver African American child
9 - is a mocking of how they falsified medical documents to save
insurance money on Plaintiff so that money could be given to
10 PCRO'; the 'shadow hand puppet - relates to mocking the scanning
of Plaintiff computer when Plaintiff company discusses with
11 potential employees the creation of a logo for his company Clothes
Line Fashions.'; The 'Dove Commercial - as TWGS knows what is
12 in the customers pockets and a white dove flies away' is a mocking
of the breaking and entering of Plaintiff's residents and reading his
13 notes that he carries around with him at times and the soon to be
death of Plaintiff; and the '500 to 0' disappearing deductible is a
14 mocking that Plaintiff will slowly fade away and be dead in 5
years."  (Dkt. No. 1, ¶ 70.)

15
"6/10/11 - Late Late Show - Craig Ferguson - (Morgan Freeman -
16 code) Discloses: "Dancing with my appliance - is that "Code"
yeah!"  Craig admits code part of payola as CBS was alerted to
17 lawsuit - the day I submitted 5/23/11 via comments from Kristi
Alley on Dancing with the Stars."  (Dkt. No. 1, ¶ 123.)
18
6/30/11 - Dave Letterman & WESTINGHOUSE/CBS INC, signal
19 to Nationwide Mutual Insurance Company (Double Meaning
Comments - Hush Money to prevent this lawsuit as CBS is
20 scanning my personal computer and what I type in this lawsuit);
Top Ten List - 7 or 8 Scanning searching U.S. law I haven't broken
21 (meaning - me searching for laws Allied and Nationwide hasn't
broken); Erica Hill on show and discusses 3 AM work hours in San
22 Francisco (Folsom st. fair - double meaning - walking home with
someone they just met (referring double meaning but not true).
23 (Dkt. No. 1, ¶ 124.)

24 \\\\

25 \\\\

26 \\\\

Plaintiff Schultz further makes a series of allegations regarding what he calls "tiger kidnapping":

> " June 20 2007 Applied for job at ADM via tiger kidnapping Nationwide and Allied intervened to keep me in California and only in a cubicle environment to facilitate extortion.  Repeating holding via tiger kidnapping shows signs of trauma, fatigue via Doctor visit with Dr. Caruso in file comments, which is induced by harassment from co-workers."  (Dkt. No. 1, ¶ 51.)

> "Plaintiff was held in cubicle in tiger kidnapping by Nationwide & Allied.  (6) - June 25 2007 Applied for job at Golden Eagle via tiger kidnapping Nationwide and Allied intervene to keep there in Sacramento for extortion purposes."  (Dkt. No. 1, ¶ 53.)

> "December 22, 2008, Plaintiff sends Alphabet Brief to Almond Board of California and boss W Peter Krause spends 1 day preventing Plaintiff from working on my project so that he can pursue holding me for tiger kidnapping of Allied & Nationwide." (Dkt. No. 1, ¶ 61.)

Finally, as Nationwide points out, many of plaintiff Schultz's allegations consist of nothing more than random thoughts, for example: "November 17, 2010 Morning Express - 'How bout that, 18" of snow in CO, How bout Not', Song - your not gonna make a cheater out of me, Palin - 50 car accident walk away with out a scratch.  Colored poodle inappropriate hugging, touching too long, grab ass; Sad face thru the phone tells the hurt; manny go."  (Dkt. No. 1, ¶ 174.)

On their face, plaintiffs' allegations are so bizarre and delusional that they are wholly insubstantial and cannot invoke this court's subject matter jurisdiction.  See O'Brien v. U.S. Department of Justice, 927 F. Supp. 382, 385 (D. Ariz. 1995); Best v. Kelly, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) warranted when claims are "clearly fanciful" and "so attenuated and unsubstantial as to be absolutely devoid of merit"); see also Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (holding that under the substantiality doctrine, the district court lacks subject matter jurisdiction when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy").  Even

1   though plaintiffs' complaint makes reference to federal statutes such as RICO and HIPAA,

2   plaintiffs' fanciful and implausible allegations fail to state in a comprehensible manner how any

3   federal rights were violated.

4           Furthermore, in addition to the fact that the complaint is patently frivolous, it

5   appears that plaintiff Schultz previously filed a very similar lawsuit in the United States District

6   Court for the Northern District of Ohio entitled Kirk Matthew Schultz v. Nationwide Mutual Fire

7   Insurance Company, et al., Case No. 1:11-cv-01046-DCN.[2]  The Ohio action, which was filed on

8   May 23, 2011, was dismissed sua sponte on June 3, 2011 for failure to state a federal claim and

9   lack of subject matter jurisdiction.  (Dkt. No. 11, Ex. B.)

10          While the court would ordinarily permit a pro se plaintiff to amend, plaintiffs'

11  delusional allegations in the prior and current lawsuit compel the conclusion that amendment of

12  the complaint would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir.

13  1996).  Accordingly, Nationwide's motion to dismiss for lack of subject matter jurisdiction

14  should be granted without leave to amend, and it is unnecessary to reach Nationwide's remaining

15  arguments.

16          Moreover, the court concludes that dismissal of the remaining defendants with

17  prejudice is also appropriate.  "A District Court may properly on its own motion dismiss an

18  action as to defendants who have not moved to dismiss where such defendants are in a position

19  similar to that of moving defendants or where claims against such defendants are integrally

20  related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal

21  may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-

22  Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority in this regard includes

23

24          [2] A court may take judicial notice of facts "capable of accurate and ready determination
    by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).
25  This includes matters of public record as long as the facts noticed are not subject to reasonable
    dispute.  Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007).
26  Accordingly, the court takes judicial notice of the complaint and memorandum of opinion and
    order filed in the Ohio action.  (Dkt. No. 11, Exs. A & B.)

                                            7

1  sua sponte dismissal as to defendants who have not been served and defendants who have not yet

2  answered or appeared.  Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802

3  (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet

4  appeared, on the basis of facts presented by other defendants which had appeared."); see also

5  Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961,

6  978-79 (S.D. Cal. 1998).

7  CONCLUSION

8           Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED

9  that:

10          1.  Nationwide's motion to dismiss (dkt no. 16) be granted and Nationwide's

11  motion for a more definite statement be denied as moot;

12          2.  The action be dismissed with prejudice; and

13          3.  The Clerk of Court be directed to close this case.

14          These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

16  fourteen (14) days after being served with these findings and recommendations, any party may

17  file written objections with the court and serve a copy on all parties.  Such a document should be

18  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

19  objections shall be served and filed within seven (7) days after service of the objections.  The

20  parties are advised that failure to file objections within the specified time may waive the right to

21  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  DATED: December 12, 2011

23                                  /s/ Gregory G. Hollows
                                  UNITED STATES MAGISTRATE JUDGE
24

25
   GGH/wvr
26  Schultz.1796.mtd.fr.wpd